[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 10, 1994 Date of Application July 6, 1994 Date Application Filed July 7, 1994 Date of Decision February 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Stamford/Norwalk, at Norwalk.
Docket Number CR93-98872.
Allen L. Williams, III. Esq., Defense Counsel for Petitioner.
Robert Katz, Esq., Assistant State's Attorney, for the State. CT Page 2309
Sentence Affirmed.
By the Division:
After pleading guilty to one count of Sexual Assault, 4th degree (§ 53a-73a) and one count of Risk of Injury (§ 53-21), the thirty year old petitioner was sentenced to a term of one year for the Sexual Assault, 4th degree charge and a concurrent term of ten years, execution suspended after four years on the Risk of Injury charge. The effective sentence being ten years, execution suspended after four years with a five year probationary period.
It should be noted that while this application appears to have been filed later than thirty days after sentencing, the petitioner was not advised of his right to sentence review on May 10, 1994. On July 6, 1994, he was returned to the sentencing court, advised of his rights and filed his application the following day. Under these circumstances the Division deems the application to be timely filed.
Under the terms of the plea arrangement the state maintained the right to ask for a maximum sentence of seven years to serve, with the petitioner reserving the right to argue for less.
There were two victims in this case, nieces of the petitioner, who were ages twelve and sixteen in 1992 when they reported to the police that the petitioner had been molesting them when they were ten and eleven years old. On multiple occasions when the opportunity arose, he would fondle their breasts, and forced one to sit on his lap while he fondled her breasts. He admitted touching their breasts and touching the vaginal area of one child for his sexual gratification, or rocking one back and forth on his lap for the same reason.
The girls were afraid to report his deviant behavior until finally in 1993 when the younger child was so upset at being fondled again, they decided to tell their mother. CT Page 2310
The petitioner, through his attorney, asks the Division to consider a one year term of incarceration, pointing out his lack of prior record, his good work history, his family support, his acknowledgement of wrong doing, and his efforts at therapy and rehabilitation prior to sentencing:
The State, in arguing that the sentence was fair points to the severe impact to the victims and the egregiousness of a trusted family member violating the trust of a child.
Prior to sentencing the petitioner did go to the Sterling Center for Counseling. He advised the Center that he required a comprehensive sex offender evaluation for court. Despite his expressed need, they reported his attendance as inconsistent and often irresponsible, he displayed a consistent failure to take personal responsibility regarding the matter. His reliability was questionable. In short, it was not a glowing recommendation provided by the Sterling Center.
These incidents occurred over a period of time, involved two victims, the use of some force (in holding and forcing the children to sit on his lap while he rocked himself to ejaculation).
It appears that the sentencing court weighed all the appropriate factors including the petitioner's positive aspects, some of which are referred to in this decision. But pursuant to Practice Book § 942, we review a given sentence to determine whether it is inappropriate or disproportionate. We conclude this sentence to be appropriate and not disproportionate. We affirm it.
Purtill, Klaczak and Norko, J.s, participated in this decision.